ALBERT M. COHEN (SBN 141525)
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000
Facsimile: 310.282.2200
acohen@loeb.com

Attorneys for Defendant
MILL MAN STEEL, INC.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR COMMUNITY ACTION AND ENVIRONMENTAL JUSTICE, a non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>MILL MAN STEEL, INC., a Colorado corporation,<br><br>Defendant. | Case No.: 5:17-CV-00226 JGB (DTBx)<br><br>Assigned to Hon. JESUS G. BERNAL<br><br>**CONSENT DECREE**<br><br>Complaint Filed: February 8, 2017 |

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

14686026.1
228022-10001

CONSENT DECREE

# CONSENT DECREE

This Consent Decree ("Consent Decree") is entered into between the Center for Community Action and Environmental Justice ("CCAEJ") and Mill Man Steel, Inc. ("Mill Man") (all parties collectively are referred to as the "SETTLING PARTIES") with respect to the following facts and objectives:

## RECITALS

**WHEREAS**, CCAEJ is a 501(c)(3) non-profit, public benefit corporation organized under the laws of the State of California, dedicated to working with communities to improve the social and natural environment. Penny Newman is the Executive Director of CCAEJ;

**WHEREAS**, Mill Man owns and operates a steel processing and fabrication facility located at 15585 Arrow Route in Fontana, California (the "Facility"). Through June 30, 2015, the Facility has operated pursuant to State Water Resources Control Board Water Quality Order No. 97-03-DWQ, National Pollutant Discharge Elimination System General Permit No. CAS000001, Waste Discharge Requirements for Discharges of Storm Water Associated with Industrial Activities Excluding Construction Activities. Beginning on July 1, 2015, the Facility has operated pursuant to State Water Resources Control Board Water Quality Order No. 2014-0057-DWQ, National Pollutant Discharge Elimination System General Permit No. CAS000001 (hereinafter "General Permit"). A map of the Facility is attached hereto as Exhibit A and incorporated by reference;

**WHEREAS**, on or about November 9, 2016, CCAEJ provided Mill Man with a Notice of Violations and Intent to File Suit ("60-Day Notice Letter") under Section 505 of the Federal Water Pollution Control Act (the "Act" or "Clean Water Act"), 33 U.S.C. § 1365;

**WHEREAS**, on February 6, 2017, CCAEJ filed its Complaint in the United States District Court for the Central District of California (Center for Community Action and Environmental Justice v. Mill Man Steel, Inc., Case No. 5:17-cv-00226-

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

14686026.1
228022-10001

CONSENT DECREE

JGB-DTB). A true and correct copy of the Complaint, including the 60-Day Notice Letter, is attached hereto as Exhibit B and incorporated by reference;

**WHEREAS**, Mill Man denies any and all of CCAEJ's claims in its 60-Day Notice Letter and Complaint;

**WHEREAS**, CCAEJ and Mill Man, through their authorized representatives and without either adjudication of CCAEJ's claims or admission by Mill Man of any alleged violation or other wrongdoing, have chosen to resolve in full CCAEJ's allegations in the 60-Day Notice Letter and Complaint through settlement and avoid the cost and uncertainties of further litigation; and

**WHEREAS**, CCAEJ and Mill Man have agreed that it is in their mutual interest to enter into this Consent Decree setting forth the terms and conditions appropriate to resolving CCAEJ's allegations set forth in the 60-Day Notice Letter and Complaint.

**NOW, THEREFORE**, IT IS HEREBY STIPULATED BETWEEN THE SETTLING PARTIES AND IS HEREBY ORDERED AND DECREED BY THIS COURT AS FOLLOWS:

1. This Court has jurisdiction over the subject matter of this action pursuant to Section 505(a) of the Clean Water Act, 33 U.S.C. §135(a);

2. Venue is proper in the Central District of California pursuant to Section 505(c)(1) of the Clean Water Act, 33 U.S.C. §1365(c)(1) because the Mill Man facility is located within this District;

3. The term "Effective Date," as used in this Consent Decree, shall mean the date that this Consent Decree is entered by the Court.

4. The Court shall maintain jurisdiction through the Termination Date, as defined in Paragraph 27 below, or through the conclusion of any proceeding to enforce this Consent Decree, or until the completion of any payment or affirmative duty required by this Consent Decree.

# COMMITMENTS OF CCAEJ

5. **Stipulation to Dismiss and [Proposed] Order.** Within ten (10) calendar days of the Agency Approval Date, as defined in Paragraph 23 below, CCAEJ shall file a Stipulation to Dismiss and [Proposed] Order thereon pursuant to Federal Rule of Civil Procedure 41(a)(2) with the United States District Court for the Central District of California ("District Court"), with this Consent Decree attached and incorporated by reference, specifying that CCAEJ is dismissing with prejudice all claims in CCAEJ's Complaint.

# COMMITMENTS OF MILL MAN

6. **Compliance with General Permit.** Mill Man agrees to operate the Facility in compliance with the applicable requirements of the General Permit and the Clean Water Act.

7. **Implemented Storm Water Controls.** Mill Man shall maintain in good working order all storm water collection and treatment systems at the Facility currently installed or to be installed pursuant to this Consent Decree, including but not limited to, existing housekeeping measures.

8. **Additional Structural Best Management Practices.** By December 1, 2017, or thirty (30) days after the Effective Date, whichever is later, Mill Man shall implement the following structural best management practices ("BMPs") to improve the storm water pollution prevention measures at the Facility:

(a) To infiltrate storm water discharges from the Facility, Mill Man shall implement a storm water collection area in the southwestern portion of the Facility which shall include (a) two fifty foot berms extending from the southwest corner 50' in each direction and (b) an area extending out a 5' radius from the corner with 2' deep of crushed rock.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

(b) Mill Man shall purchase and use two more Filtrexx media socks (or equivalent) along the western boundary of the Facility]

(c) Mill Man shall install Filtrexx media socks (or equivalent) at all roof down spouts at the Facility.

(d) Mill Man shall install a berm along the southern boundary and southwestern corner of the Facility to prevent storm water run-on from entering the Facility from the neighboring properties. The berm shall be approximately 22"-24" high and a total length of 330'.

(e) To reduce any run on, Mill Man shall enhance the currently-existing berm along the eastern boundary or implement alternative protective measures to close any gaps in that berm or areas where storm water could potentially breach the berm.

9. **Confirmation of New Structural BMPs**. By December 15, 2017, or forty-five (45) days after the Effective Date, whichever is later, , Mill Man shall confirm the installation of the measures described above in Paragraph 5 by submitting digital photos to CCAEJ.

10. **Additional Improvements Related to Storm Water Management at the Facility.** By December 1, , 2017, or thirty (30) days after the Effective Date, whichever is later, Mill Man shall take the following steps to improve storm water management at the Facility.

(a) To improve the quality of storm water as it contacts ground where a piece of industrial equipment used to operate, Mill Man shall perform a cleaning of the ground in the area adjacent to the southeast corner of the large building located in the northeast corner of the Facility.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

14686026.1
228022-10001

5

CONSENT DECREE

(b) Mill Man shall create access to the Facility's storm water discharge location located in the southwestern corner of the Facility. The point shall be accessible such that a Facility representative can easily access and collect the Facility's storm water discharges.

(c) Mill Man shall contact the city of Fontana by Registered Mail and request that the City can re-route storm water flows from the area in the vicinity of the railroad tracks along Lime Avenue that intersect Arrow Route such that storm water is directed to infiltrate in the area adjacent to the railroad tracks (along Lime Avenue), instead of being discharged directly onto the Facility. This communication shall include photos and videos taken during rain events at the Facility.

11. **Confirmation of Additional Improvements.** By December 15, 2017 or forty five (45) days after the Effective Date, whichever is later, Mill Man shall confirm the installation of the measures described above in Paragraphs 7(a) and 7(b) by submitting digital photos to CCAEJ. By January 15, 2017, or seventy-five (75) days after the Effective Date, whichever is later, Mill Man shall provide an update on Mill Man's request to the city of Fontana pursuant to Paragraph 7(c). Mill Man shall provide regular updates, or upon request by CCAEJ, until the completion of said request to the city of Fontana.

12. **Monitoring of Storm Water Discharges.** Mill Man shall collect and analyze storm water discharges from the Facility in accordance with the General Permit and this Consent Decree for, at a minimum, pH, total suspended solids, oil and grease, aluminum, nitrate + nitrite as nitrogen, and iron.

13. **Monitoring Results.** Results from the Facility's sampling and analysis during the term of this Consent Decree shall be uploaded to the State Water Resources Control Board's ("State Board") Storm Water Multiple Application and

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

14686026.1
228022-10001

6

CONSENT DECREE

Report Tracking System ("SMARTS") in accordance with the requirements of the General Permit. Within seven (7) days of uploading said results, Mill Man shall provide notice to CCAEJ via e-mail that said results have been uploaded to SMARTS.

14. **Meet and Confer Regarding Exceedance of NALs.** If the Facility's storm water sampling results during the 2017-2018 and/or 2018-2019 reporting years indicate that the average of the analytical results for a particular parameter indicates that storm water discharges from the Facility exceed the annual NALs (as set forth in the General Permit) or if two or more analytical results from samples taken for any parameter within the 2017-2018 or 2018-2019 reporting years exceed the instantaneous maximum NAL, Mill Man agrees to take responsive actions to improve its storm water management practices, including re-evaluating its structural and non-structural BMPs and considering implementing additional BMPs aimed at reducing levels observed in storm water samples.

In furtherance of that objective, Mill Man shall prepare a written statement ("Action Plan") discussing:

  (a) Any exceedance or exceedances of NALs;

  (b) An explanation of the possible cause(s) and/or source(s) of any exceedance; and

  (c) Responsive actions to improve its storm water management practices, including modified or additional feasible BMPs to be considered to further reduce the possibility of future exceedance(s), and the proposed dates that such actions will be taken ("Additional Measures").

Such Memorandum shall be e-mailed and sent via first class mail to CCAEJ not later than July 30th during each year of this Consent Decree.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

14686026.1
228022-10001

7

CONSENT DECREE

15. **Meet and Confer Process.** Upon receipt of the Action Plan, CCAEJ may review and comment on any identified or omitted Additional Measures. If requested by CCAEJ within thirty (30) days of receipt of such Action Plan, CCAEJ and Mill Man shall meet and confer to discuss the contents of the Action Plan and the adequacy of proposed measures to improve the quality of the Facility's storm water to levels at or below the NALs. If requested by CCAEJ within thirty (30) days of receipt of such Action Plan, CCAEJ and Mill Man shall meet and confer and conduct a site inspection within sixty (60) days after the due date of the Action Plan to discuss the contents of the Action Plan and the adequacy of proposed measures to improve the quality of the Facility's storm water to levels at or below the NALs. If within twenty-one (21) days of the parties meeting and conferring, the parties do not agree on the adequacy of the Additional Measures set forth in the Action Plan, the SETTLING PARTIES may agree to seek a settlement conference with the Magistrate Judge assigned to this action pursuant to Paragraphs 28 and 29 below. If the SETTLING PARTIES fail to reach agreement on Additional Measures, CCAEJ may bring a motion before the District Court consistent with Paragraphs 28 and 29 below. If CCAEJ does not request a meet and confer regarding the Action Plan within the thirty (30) day period provided for in this paragraph, CCAEJ shall waive any right to object to such Action Plan pursuant to this Consent Decree. The Parties may agree in writing to extend any dates contained in this paragraph in order to further this paragraph's meet and confer procedure.

16. Any concurrence or failure to object by CCAEJ with regard to the reasonableness of any Additional Measures required by this Consent Decree or implemented by Mill Man shall not be deemed to be an admission of the adequacy of such measures should they fail to bring the Facility's storm water discharges into compliance with applicable water quality criteria or the BAT/BCT requirements set forth in the General Permit.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

14686026.1
228022-10001

8

CONSENT DECREE

17. **Provision of Documents and Reports.** During the life of this Consent Decree, Mill Man shall provide CCAEJ with a copy of all documents submitted to the Regional Board or the State Board concerning the Facility's storm water discharges, including but not limited to all documents and reports submitted to the Regional Board and/or State Board as required by the General Permit. Such documents and reports shall be mailed to CCAEJ contemporaneously with submission to such agency. Alternatively, to the extent that Mill Man submits such documents to the Regional Board or State Board via SMARTS, Mill Man may satisfy this requirement by providing notice to CCAEJ via e-mail that said results have been uploaded to SMARTS within seven (7) days of uploading said results.

18. **Amendment of Storm Water Pollution Prevention Plan ("SWPPP").** Within sixty (60) days after the District Court's entry of the Order, Mill Man shall amend the Facility's SWPPP to incorporate all changes, improvements, sample log forms, and best management practices set forth in or resulting from this Consent Decree. Mill Man shall ensure that all maps, tables, and text comply with the requirements of the General Permit. Mill Man shall ensure that the SWPPP describes all structural and non-structural BMPs and details the measures to be installed. A copy of the amended SWPPP shall be provided to CCAEJ within thirty (30) days of completion.

19. **Mitigation Payment**. In recognition of the good faith efforts by Mill Man to comply with all aspects of the General Permit and the Clean Water Act, and in lieu of payment by Mill Man of any penalties, which have been disputed but may have been assessed in this action if it had been adjudicated adverse to Mill Man, the SETTLING PARTIES agree that Mill Man will pay the sum of twenty-five thousand five hundred dollars ($25,500) to the Rose Foundation for Communities and the Environment ("Rose Foundation") for the sole purpose of providing grants to environmentally beneficial projects relating to water quality improvements in the

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

14686026.1
228022-10001

9

CONSENT DECREE

Santa Ana River watershed. Payment shall be provided to the Rose Foundation as follows: Rose Foundation, 1970 Broadway, Suite 600, Oakland, CA 94607, Attn: Tim Little. Payment shall be made by Mill Man to the Rose Foundation within thirty (30) calendar days of the District Court's entry of the Order dismissing the action described in Paragraph 2 of this Consent Decree. Mill Man shall copy CCAEJ with any correspondence and a copy of the check sent to the Rose Foundation. The Rose Foundation shall provide notice to the SETTLING PARTIES within thirty (30) days of when the funds are dispersed by the Rose Foundation, setting forth the recipient and purpose of the funds.

20. **Fees, Costs, and Expenses.** As reimbursement for CCAEJ's investigative, expert and attorneys' fees and costs, Mill Man shall pay CCAEJ the sum of twenty-four thousand dollars ($24,000). Payment shall be made by Mill Man within thirty (30) calendar days of the District Court's entry of the Order dismissing the action described in Paragraph 2 of this Consent Decree. Payment by Mill Man to CCAEJ shall be made in the form of a single check payable to "Lozeau Drury LLP," and shall constitute full payment for all costs of litigation, including investigative, expert and attorneys' fees and costs incurred by CCAEJ that have or could have been claimed in connection with CCAEJ's claims, up to and including the District Court's entry of the Order.

21. **Compliance Oversight Costs.** As reimbursement for CCAEJ's future fees and costs that will be incurred in order for CCAEJ to monitor Mill Man's compliance with this AGREEMENT and to effectively meet and confer and evaluate storm water monitoring results for the Facility, Mill Man agrees to reimburse CCAEJ for its reasonable fees and costs incurred in overseeing the implementation of this AGREEMENT up to but not exceeding three thousand dollars ($3,000) per reporting year. Fees and costs reimbursable pursuant to this paragraph may include, but are not limited to, those incurred by CCAEJ or its

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

14686026.1
228022-10001

10

CONSENT DECREE

counsel to review water quality sampling reports, review annual reports, discussion with representatives of Mill Man concerning potential changes to compliance requirements, preparation and participation in meet and confer sessions and mediation, and water quality sampling. CCAEJ shall provide an invoice containing an itemized description for any fees and costs incurred in overseeing the implementation of this AGREEMENT during the prior reporting year. Up to two annual payments (one addressing any monitoring associated with the 2017-2018 reporting year, and one addressing monitoring associated with the 2018-2019 reporting year) shall be made payable to "Lozeau Drury LLP" within thirty (30) days of receipt of an invoice from CCAEJ that contains an itemized description of fees and costs incurred by CCAEJ to monitor implementation of the AGREEMENT during the previous twelve (12) months or the previous period between invoices.

22. **Review by Federal Agencies.** CCAEJ shall submit this Consent Decree to the U.S. EPA and the U.S. Department of Justice (hereinafter, the "Agencies") via certified mail, return receipt requested, within five (5) days after the Effective Date of this Consent Decree for review consistent with 40 C.F.R. § 135.5. The Agencies' review period expires forty-five (45) days after receipt of the Consent Decree by both Agencies, as evidenced by the return receipts and the confirming correspondence of DOJ. In the event that the Agencies comment negatively on the provisions of this Consent Decree, CCAEJ and Mill Man agree to meet and confer to attempt to resolve the issue(s) raised by the Agencies. If CCAEJ and Mill Man are unable to resolve any issue(s) raised by the Agencies in their comments, CCAEJ and Mill Man agree to expeditiously seek a settlement conference with the Magistrate Judge assigned to this matter to resolve the issue(s). If the SETTLING PARTIES cannot resolve the issue(s) through a settlement conference, this Consent Decree shall be null and void. The date of (a) the Agencies' unconditional approval of this Consent Decree, (b) the expiration of the

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

14686026.1
228022-10001

11

CONSENT DECREE

Agencies' review period, or (c) the SETTLING PARTIES' resolution of all issues raised by the Agencies, whichever is earliest, shall be defined as the "Agency Approval Date."

## NO ADMISSION OR FINDING

23. Neither this Consent Decree nor any payment pursuant to the Consent Decree nor compliance with this Consent Decree shall constitute evidence or be construed as a finding, adjudication, or acknowledgment of any fact, law or liability, nor shall it be construed as an admission of violation of any law, rule or regulation. However, this Consent Decree may constitute evidence in actions seeking compliance with this Consent Decree. Evidence of the payment amount may be used to enforce the payment provisions of this Consent Decree.

## MUTUAL RELEASE OF LIABILITY AND COVENANT NOT TO SUE

24. In consideration of the above, and except as otherwise provided by this Consent Decree, the SETTLING PARTIES hereby forever and fully release each other and their respective parents, affiliates, subsidiaries, divisions, insurers, successors, assigns, and current and former employees, attorneys, officers, directors, members, shareholders, and agents from any and all claims and demands of any kind, nature, or description whatsoever, known and unknown, and from any and all liabilities, damages, injuries, actions or causes of action, either at law or in equity, which it may presently have, or which may later accrue or be acquired by it, arising from the Complaint or Notice Letters, including, without limitation, all claims for injunctive relief, damages, penalties, fines, sanctions, mitigation, fees (including fees of attorneys, experts, and others), costs, expenses or any other sum incurred or claimed or which could have been claimed in the Complaint or Notice Letters, for the alleged failure of Defendant to comply with the Clean Water Act at the Facility, up to and including the Termination Date of this Consent Decree, as defined in Paragraph 27.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

14686026.1
228022-10001

12

CONSENT DECREE

25. The SETTLING PARTIES acknowledge that they are familiar with section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The SETTLING PARTIES hereby waive and relinquish any rights or benefits they may have under California Civil Code section 1542 with respect to any other claims against each other arising from, or related to, the allegations and claims as set forth in the 60-Day Notice Letter and Complaint at the Facility up to and including the Termination Date of this Consent Decree.

26. For the period beginning on the Effective Date and ending on the Termination Date, neither CCAEJ, nor its officers, executive staff, members of its Steering Committee will file or support other lawsuits, by contacting, providing financial assistance or personnel time or taking any other affirmative actions, against or relating to the Facility by other groups or individuals who would rely upon the citizen suit provision of the Clean Water Act to challenge the Facility's compliance with the Clean Water Act, or the General Permit.

## **TERMINATION DATE OF CONSENT DECREE**

27. Unless an extension is agreed to in writing by the SETTLING PARTIES, this Consent Decree shall terminate on December 15, 2019 (the "Termination Date"), or through the conclusion of any proceeding to enforce this Consent Decree, or until the completion of any payment or affirmative duty required by this Consent Decree.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

14686026.1
228022-10001

## DISPUTE RESOLUTION PROCEDURES

28. Except as specifically noted herein, any disputes with respect to any of the provisions of this Consent Decree shall be resolved through the following procedure. The SETTLING PARTIES agree to first meet and confer in good faith to resolve any dispute arising under this Consent Decree. In the event that such disputes cannot be resolved through this meet and confer process, the SETTLING PARTIES agree to request a settlement meeting before the Magistrate Judge assigned to this action. In the event that the SETTLING PARTIES cannot resolve the dispute by the conclusion of the settlement meeting with the Magistrate Judge, the SETTLING PARTIES agree to submit the dispute via motion to the District Court.

29. In resolving any dispute arising from this Consent Decree, the Court shall have discretion to award attorneys' fees and costs to the prevailing party. The relevant provisions of the then-applicable Clean Water Act and Rule 11 of the Federal Rules of Civil Procedure shall govern the allocation of fees and costs in connection with the resolution of any disputes before the District Court. The District Court shall award relief limited to compliance orders and awards of attorneys' fees and costs, subject to proof. The SETTLING PARTIES agree to file any waivers necessary for the Magistrate Judge to preside over any settlement conference and motion practice.

## GENERAL PROVISIONS

30. **Force Majeure.** Mill Man will notify CCAEJ if timely implementation of Mill Man's respective duties under this Consent Decree becomes impossible due to circumstances beyond the control of Mill Man or its agents, and which could not have been reasonably foreseen and prevented by the Mill Man's exercise of due diligence. Any delays due to Mill Man's respective failure to make timely and bona fide applications and to exercise diligent efforts to comply with the

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

14686026.1
228022-10001

CONSENT DECREE

terms in this Consent Decree will not, in any event, be considered to be circumstances beyond the Mill Man's control. Financial inability will not, in any event, be considered to be circumstances beyond Mill Man's control.

(a) If Mill Man claims impossibility, it will notify CCAEJ in writing within twenty (20) business days of the date that Mill Man discovers the event or circumstance that caused or would cause non-performance with the terms of this Consent Decree, or the date that Mill Man should have known of the event or circumstance by the exercise of due diligence. The notice must describe the reason for the non-performance and specifically refer to this section of this Consent Decree. The notice must describe the anticipated length of time the non-performance may persist, the cause or causes of the non-performance, the measures taken or to be taken by Mill Man to prevent or minimize the non-performance, the schedule by which the measures will be implemented, and the anticipated date of compliance. Mill Man will adopt all reasonable measures to avoid and minimize such non-performance.

(b) The SETTLING PARTIES will meet and confer in good faith concerning the non-performance and, if the SETTLING PARTIES concur that performance was or is impossible, despite the timely good faith efforts of Mill Man, due to circumstances beyond the control of Mill Man that could not have been reasonably foreseen and prevented by the exercise of due diligence by Mill Man, new performance deadlines will be established.

(c) If CCAEJ disagrees with Mill Man's notice, or in the event that the SETTLING PARTIES cannot timely agree on the terms of new performance deadlines or requirements, either SETTLING PARTY may invoke the dispute resolution process described in Paragraphs 25 and 26 of this Consent Decree. In such proceeding, Mill Man will bear the burden of proving that any delay in

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

14686026.1
228022-10001

15

CONSENT DECREE

performance of any requirement of this Consent Decree was caused or will be caused by force majeure and the extent of any delay attributable to such circumstances.

31. **Construction.** The language in all parts of this Consent Decree shall be construed according to its plain and ordinary meaning, except as to those terms defined by law, in the General Permit, and the Clean Water Act or specifically herein.

32. **Choice of Law**. This Consent Decree shall be governed by the laws of the United States, and where applicable, the laws of the State of California.

33. **Severability**. In the event that any provision, section, or sentence of this Consent Decree is held by a court to be unenforceable, the validity of the enforceable provisions shall not be adversely affected.

34. **Correspondence**. All notices required herein or any other correspondence pertaining to this Consent Decree shall be sent by regular, certified, overnight mail, or e-mail as follows:

| | |
|---|---|
| If to CCAEJ:<br>Penny Newman,<br>Executive Director<br>Center for Community Action<br>and Environmental Justice<br>Penny.newman@ccaej.org<br>P.O. Box 33124<br>Riverside, CA 92519<br>(951) 360-8451 | Copy to:<br>Michael R. Lozeau<br>michael@lozeaudrury.com<br>Douglas J. Chermak<br>doug@lozeaudrury.com<br>Lozeau Drury LLP<br>410 12th Street, Suite 250<br>Oakland, CA 94607<br>(510) 836-4200 |
| If to Mill Man:<br>Scott W. Clary<br>scottclary@millmansteel.com<br>Mill Man Steel, Inc.<br>1441 Wasee Street, Suite 104<br>Denver, CO 80202<br>(303) 5507473 | Copy to:<br>Albert M. Cohen<br>acohen@loeb.com<br>Loeb & Loeb LLP<br>10100 Santa Monica Boulevard<br>Suite 2200<br>Los Angeles, CA 90067<br>(310) 282-2228 |

Notifications of communications shall be deemed submitted on the date that they are e-mailed, postmarked and sent by first-class mail or deposited with an overnight mail/delivery service.  Any change of address or addresses shall be communicated in the manner described above for giving notices.

35. **Counterparts.**  This Consent Decree may be executed in any number of counterparts, all of which together shall constitute one original document.  Telecopied, scanned (.pdf), and/or facsimiled copies of original signature shall be deemed to be originally executed counterparts of this Consent Decree.

36. **Assignment.**  Subject only to the express restrictions contained in this Consent Decree, all of the rights, duties and obligations contained in this Consent Decree shall inure to the benefit of and be binding upon the SETTLING PARTIES, and their successors and assigns.

37. **Modification of the Agreement**.  This Consent Decree, and any provisions herein, may not be changed, waived, discharged or terminated unless by a written instrument, signed by the SETTLING PARTIES.

38. **Full Settlement.**  This Consent Decree constitutes a full and final settlement of this matter.  It is expressly understood and agreed that the Consent Decree has been freely and voluntarily entered into by the SETTLING PARTIES with and upon advice of counsel.

39. **Integration Clause.**  This is an integrated Consent Decree.  This Consent Decree is intended to be a full and complete statement of the terms of the agreement between the SETTLING PARTIES and expressly supersedes any and all prior oral or written agreements covenants, representations and warranties (express or implied) concerning the subject matter of this Consent Decree.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

14686026.1
228022-10001

17

CONSENT DECREE

40. **Authority.** The undersigned representatives for CCAEJ and Mill Man each certify that he/she is fully authorized by the party whom he/she represents to enter into the terms and conditions of this Consent Decree.

The SETTLING PARTIES hereby enter into this Consent Decree, Order and Final Judgment and submit it to the Court for its approval and entry as a final judgment,

| **MILL MAN STEEL, INC.** | **CENTER FOR COMMUNITY ACTION AND ENVIRONMENTAL JUSTICE** |
|---|---|
| By: <br> Name: Christine D. Clary <br> Title: President <br> Date: | By: <br> Name: Penny Newman <br> Title: Executive Director <br> Date: |
| **APPROVED AS TO FORM:** <br> **For: Defendant** <br> **LOEB & LOEB LLP** <br> By: <br> Name: Albert M. Cohen <br> Date: | **For: Plaintiff** <br> **LOZEAU DRURY LLP** <br> By: <br> Name: Douglas J. Chermak, Esq. <br> Date: |

**IT IS SO ORDERED.**

Date: November 7, 2017

Honorable Jesus G. Bernal
United States District Court Judge
Central District of California

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

14686026.1
228022-10001

18

CONSENT DECREE